# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU, | Case No. CV 12-6437-GAF (DTB) |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a prisoner currently incarcerated at California State Prison - Lancaster located in Lancaster, California, lodged for filing a pro se complaint herein on July 26, 2012. On July 27, 2012, the Court granted plaintiff leave to proceed in forma pauperis. Plaintiff's Complaint was filed in this action on July 27, 2012. As plaintiff's Complaint was not submitted on the approved Central District Civil Rights Complaint form, plaintiff did not provide the Court with his previous Federal lawsuit history. Prior to the Court's screening of the Complaint in accordance with the terms of the "Prison Litigation Reform Act of 1995," on August 10, 2012, plaintiff filed a document entitled "Notice of Motion, and Motion by Plaintiff Armando Abreu re: Request for Leave to Proceed In Forma Pauper; Request for In Forma Pauperis Form and 28 U.S.C. 2254; and/or in the Alternative Transmittal of Documents to East Dist.

1

Ct." ("Motion"). In his Motion, plaintiff seeks the Court's permission to proceed with this action without being subjected to the 3 strikes. (Motion at 1.) Plaintiff advises the Court that he is a "three striker" under the PLRA, and, therefore, cannot proceed with this action unless the Court excuses plaintiff from the mandates of the PLRA. (Motion at 2.) In the event the Court denies plaintiff's request to proceed, he requests that the Court transmit all documents filed in this action to the United States District Court, Eastern District of California, located in Sacramento, California for further consideration. (Motion at 3.)

The Court subsequently reviewed the Public Access to Court Electronic Records, and ascertained that plaintiff has previously filed numerous federal lawsuits in a variety of federal judicial districts, and that in at least four (4) of these prior cases, courts have dismissed plaintiff's actions on the grounds that the complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted. Specifically, the Court discovered the following: (1) In Abreu v. Tweed, 3:98-cv-3605-THE, the action was dismissed for failure to state a cognizable claim for relief on September 28, 1998 (see Exhibit "A" attached hereto); (2) in Abreu v. Small, 3:99-cv-2573-J-JFS, the action was dismissed for failure to provide adequate proof of his ability to pay the filing fee and failure to state a cognizable federal claim on December 16, 1999 (see Exhibit "B" attached hereto); (3) in Abreu v. Small, 3:02-cv-685-IEG-NLS, the action was dismissed for failure to state a claim on May 8, 2002 (see Exhibit "C" attached hereto); and (4) in Abreu v. Ramirez, 2:02-cv-4093-GAF-JWJ, the Court denied plaintiff's motion re appeal in forma pauperis certifying that the appeal was not taken in good faith under 28 U.S.C. § 1915(a) and was frivolous, without merit and did not present a substantial question within the meaning of 28 U.S.C. § 753(f) (see Exhibit "D" attached hereto). In each of the cases cited herein, plaintiff alleged that he was incarcerated at the time the action was filed.

Pursuant to the Prison Litigation Reform Action, a prisoner shall not be authorized pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding

without payment of the full filing fee if such prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Accordingly, on or before **September 21, 2012**, plaintiff is ORDERED to show cause as to why the order granting him in forma pauperis status in this matter should not be revoked, and that the action dismissed without prejudice pending payment of the full filing fee of $350.00.

DATED: August 21, 2012

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

CLOSED,ProSe

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:98-cv-03605-TEH

Abreu v. Tweed, et al
Assigned to: Judge Thelton E. Henderson
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/18/1998
Date Terminated: 09/28/1998
Jury Demand: None
Nature of Suit: 555 Prisoner: Prison Condition
Jurisdiction: Federal Question

**Plaintiff**

**Armando Abreu**

represented by **Armando Abreu**
# H-16924
PBSP-II
Pelican Bay State Prison
P O Box 7500
Crescent City, CA 95531
PRO SE

V.

**Defendant**

**Tweed**

**Defendant**

**G. M. Ater**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/18/1998 | 1 | COMPLAINT (no process) Fee status ifpp entered on 9/18/98 [3:98-cv-03605] (slh, COURT STAFF) (Entered: 09/22/1998) |
| 09/18/1998 | 2 | CLERK'S NOTICE that the IFP application submitted by plaintiff is insufficient. [3:98-cv-03605] (slh, COURT STAFF) (Entered: 09/22/1998) |
| 09/28/1998 | 3 | ORDER by Judge Thelton E. Henderson dismissing case for failure to state a cognizable claim for relief ; appeal filing ddl 10/29/98 ( Date Entered: 9/29/98) (cc: all counsel) [3:98-cv-03605] (RS, COURT STAFF) (Entered: 09/29/1998) |

**EXHIBIT B**

USDC SCAN INDEX SHEET



RYC     12/17/99     14:54

3:99-CV-02573   ABREU V. SMALL

*4*

*O.*

FILED

99 DEC 16 AM 8: 19

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU, | Civil No. 99-2573-J (JFS) |
| Petitioner, | |
| vs. | **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM** |
| LARRY SMALL, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## REQUEST TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a Prison Certificate signed by a correctional officer setting forth the amount of money the Petitioner has in his prison account. Rule 3(a), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Further, in accordance with Rule 4 of the rules governing § 2254 cases, and upon a preliminary review of the present Petition, the Court dismisses the Petition because Petitioner

-1-

99cv2573

1   has failed to allege that his state court conviction or sentence violates the Constitution of the

2   United States.

3       Title 28, United States Code, § 2254(a), sets forth the following scope of review for

4   federal habeas corpus claims:

5           The Supreme Court, a Justice thereof, a circuit judge, or a district
            court shall entertain an application for a writ of habeas corpus in
6           behalf of a person in custody pursuant to the judgment of a State
            court only on the ground that he is in custody in violation of the
7           Constitution or laws or treaties of the United States.

8   28 U.S.C. § 2254(a) (emphasis added). See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir.

9   1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800

10  F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim,

11  a state prisoner must allege that a "judgment of a State court," which is the cause of his

12  incarceration, was obtained in "violation of the Constitution or laws or treaties of the United

13  States." See 28 U.S.C. § 2254(a).

14      Here, Petitioner claims he was denied an interpreter, and thus could not testify in his

15  native tongue, Spanish (See Pet. at 6). He also maintains "the court abused its discretion and

16  unconstitutionally penalized Petitioner for refusing to waive his right to appeal the court's initial

17  denial of his request for an interpreter." (Pet. at 7.) In no way does Petitioner claim he is "in

18  custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

19  § 2254.

20      Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas

21  petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that

22  the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.

23  Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief

24  because he has not alleged that the state court violated his federal rights. Thus, there is no

25  ground upon which to entertain the Petition. Accordingly, the Court dismisses the case.

26      Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal

27  habeas claim and then refile the amended petition in this case. He must exhaust state judicial

28  remedies before bringing his claims via federal habeas.

1      State prisoners who wish to challenge their state court conviction must first exhaust state

2  judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).

3  To exhaust state judicial remedies, a California state prisoner must present the California

4  Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her

5  federal habeas petition. See 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover,

6  to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one

7  or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry,

8  115 S. Ct. 887 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged

9  violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners

10  are asserting claims under the United States Constitution." Id. at 888 (emphasis added). For

11  example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial

12  denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so,

13  not only in federal court, but in state court." Id. (emphasis added).

14      Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective

15  Death Penalty Act of 1996 (Act) signed into law on April 24, 1996, a one-year period of

16  limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant

17  to the judgment of a State court. The limitation period shall run from the latest of:

18          (A) the date on which the judgment became final by the
19  conclusion of direct review or the expiration of the time for seeking such review;

20          (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the
21  United States is removed, if the applicant was prevented from filing by such State action;

22

23          (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been
24  newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

25          (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise
26  of due diligence.

27  28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 1999).

28  ///

1     The Court also notes that: "The time during which a properly filed application for State

2 post-conviction or other collateral review with respect to the pertinent judgment or claim is

3 pending shall not be counted toward any period of limitation under this subsection." Id. at

4 § 2244(d)(2).

5 **CONCLUSION**

6     Based on the foregoing, the Court **DENIES** Petitioner's request to proceed in forma

7 pauperis and **DISMISSES** the Petition without prejudice because of Petitioner's failure to

8 provide adequate proof of his inability to pay the filing fee and his failure to state a cognizable

9 federal claim.

10     Further, the Court **DISMISSES** this action without prejudice to filing of a new habeas

11 corpus action after available state judicial remedies are exhausted. Petitioner is advised that

12 once he has exhausted his state court remedies, he should start over by filing a completely new

13 habeas petition in this Court because this case is dismissed and therefore, the case number is

14 closed. See In re Turner, 101 F.3d 1323 (9th Cir. 1997). The Clerk shall close the file.

15     **IT IS SO ORDERED.**

16

17 DATED: 12-15-99

18                         Napoleon A. Jones, Jr.
                      United States District Judge

19

20 CC:    ALL PARTIES

21

22

23

24

25

26

27

28

**EXHIBIT C**

Case 2:12-cv-06437-GAF-DTB   Document 10   Filed 08/21/12   Page 13 of 23   Page ID #:65
USDC SCAN INDEX SHEET
Case 3:02-cv-00685-IEG-NLS   Document 4   Filed 05/08/02   Page 1 of 7

















JAH    5/8/02    10:01
3:02-CV-00685   ABREU V. SMALL
*4*
*O.*

FILED

02 MAY -8 AM 8: 35

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU, JR.,<br>CDC #H-16924,<br><br>                                    Plaintiff,<br><br>vs.<br><br>LARRY SMALL, et al.,<br><br>                                    Defendants. | Civil No.   02-0685 IEG (NLS)<br><br>**ORDER DENYING MOTION TO<br>PROCEED IN FORMA PAUPERIS<br>AND DISMISSING CIVIL ACTION<br>WITHOUT PREJUDICE FOR<br>FAILING TO STATE A CLAIM<br>PURSUANT TO 28 U.S.C. § 1915A(b)**<br><br>**[Doc. No. 2]** |

Plaintiff, a state prisoner currently incarcerated at Mule Creek State Prison, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that while he was housed at Calipatria State Prison in Calipatria, California, the Defendants acted with deliberate indifference to his safety when they failed to protect him from two separate attacks by enemy inmates. See Compl. at 1-4. Plaintiff also claims that prison officials denied him access to the law library. Id. at 5-6. Plaintiff seeks compensatory and punitive damages. Id. at 16-17.

Plaintiff has also filed a Motion and Declaration in Support of his Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). See Doc. No. 2.[1]

---

[1] **Consent to Magistrate Judge.**   The proceedings were assigned to this Court, but have been referred to the Honorable Magistrate Judge Nita L. Stormes by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636. Plaintiff

K:\COMMON\PROSE\FORMS\IFP\_20cv02-0685 DNY_562                                    -1-                    ENTERED ON 5/8/02        02cv0685

**I.     Motions to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $150.  See 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  See 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ."  28 U.S.C. § 1915(a)(2).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  See 28 U.S.C. § 1915(b)(1), (4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  See 28 U.S.C. § 1915(b)(2).

Plaintiff has filed a "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed In Forma Pauperis" pursuant to 28 U.S.C. § 1915(a).  However, Plaintiff has not attached a certified copy of a prison trust account statement for the 6-month period

---

has consented in writing to magistrate judge jurisdiction. [Doc. No. 3] However, unless all Defendants also file written consent to magistrate judge jurisdiction pursuant to S.D. CAL. CIVLR 72.3(d), Magistrate Judge Stormes will conduct all necessary post-service hearings and submit proposed findings of fact and recommendations for the disposition of all motions in this matter excluded from magistrate judge jurisdiction by 28 U.S.C. § 636(b)(1)(a).  See Aldrich v. Bowen, 130 F.3d 1364 (9th Cir. 1997) and Nasca v. Peoplesoft, 160 F.3d 578, 580 (9th Cir. 1999) (both holding that magistrate judge has no jurisdiction to hear case when record contains no written consent of the parties); FED. R. CIV. P. 73(b); 28 U.S.C. § 636(c)(1).

K:\COMMON\PROSE\IRUTP\_\JOS\02-0685\JMY_TRU2                                                                    02cv0685

1   immediately preceding the filing of his Complaint.  See 28 U.S.C. § 1915(a)(2); S.D.CAL. CIV

2   LR 3.2.  Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action . . .

3   without prepayment of fees . . . shall submit a certified copy of the trust fund account statement

4   (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the

5   complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).  Without Plaintiff's trust account

6   statement, the Court is simply unable to assess the appropriate amount of the filing fee required

7   to initiate this action.  See 28 U.S.C. § 1915(b)(1).  Therefore, Plaintiff's Motion to Proceed IFP

8   [Doc. No. 2] must be **DENIED**.

9   **II.**    **Sua Sponte Screening and Dismissal Pursuant to 28 U.S.C. § 1915A**

10         In addition, 28 U.S.C. § 1915A obligates the Court to review complaints filed by all

11   persons "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated

12   delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial

13   release, or diversionary program," "as soon as practicable after docketing" and regardless of

14   whether the prisoner prepays filing fees or moves to proceed IFP.  See 28 U.S.C. § 1915A(a),

15   (c).  The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are

16   frivolous, malicious or fail to state a claim upon which relief may be granted.  See 28 U.S.C.

17   § 1915A(b); Resnick v. Hayes, 213 F.3d 443, 446-47 (9th Cir. 2000).[2]

18         "Under § 1915A, when determining whether a complaint states a claim, a court must

19   accept as true all allegations of material fact and must construe those facts in the light most

20   favorable to the plaintiff."  Id. at 447 (citing Cooper v. Pickett, 137 F.3d 616, 623 (9th Cir.

21   1997)).  The rule of liberal construction is "particularly important in civil rights cases."  Ferdik

22   v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  Nevertheless, in giving liberal interpretation

23   to a pro se civil rights complaint, the court may not, "supply essential elements of the claim that

24   were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268

25   (9th Cir. 1982).

26   ////

27

28      [2] A similar screening provision would apply to Plaintiff's Complaint even if he successfully
moved to proceed IFP. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.
2000) (en banc).

1    In his Complaint, Plaintiff alleges that he denied access to the prison law library which
2  caused him to prematurely file his writ of habeas corpus in Federal Court prior to exhausting his
3  State Court claims. See Compl. at 5. Plaintiff further alleges that had he obtained access to the
4  law library he would have known that his state petition stayed the statute of limitations in his
5  federal petition. Id. at 6.

6    Prisoners do "have a constitutional right to petition the government for redress of their
7  grievances, which includes a reasonable right of access to the courts." O'Keefe v. Van Boening,
8  82 F.3d 322, 325 (9th Cir. 1996); accord Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).
9  In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental
10  constitutional right of access to the courts requires prison authorities to assist inmates in the
11  preparation and filing of meaningful legal papers by providing prisoners with adequate law
12  libraries or adequate assistance from persons who are trained in the law." Id. at 828. To
13  establish a violation of the right to access to the courts, however, a prisoner must allege facts
14  sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions
15  of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a
16  result. Lewis v. Casey, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual
17  prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing
18  deadline or to present a claim." Id. at 348; see also Vandelft v. Moses, 31 F.3d 794, 796 (9th
19  Cir. 1994); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989); Keenan v. Hall, 83 F.3d 1083,
20  1093 (9th Cir. 1996).

21    Plaintiff has not alleged any facts sufficient to show that he has been precluded from
22  pursuing a legal claim involving a non-frivolous direct or collateral attack upon either his
23  criminal conviction or sentence or the conditions of his current confinement. See Lewis, 518
24  U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack
25  [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his]
26  confinement."). Second, Plaintiff has alleged that the "pendency" of his federal habeas corpus
27  petition "most likely" will preclude Plaintiff from proceeding with his habeas petition. See
28  Compl. at 8. Accordingly, Plaintiff has not alleged facts sufficient to show that he has been

1   actually injured by his failure to obtain access to the law library as his habeas petition has not

2   yet been dismissed.  Id. at 351.  Specifically, to plead an injury sufficient to satisfy Lewis,

3   Plaintiff must allege facts sufficient to show that, as a result of Defendants' actions or inactions,

4   a nonfrivolous appellate, habeas or civil rights claim was dismissed because he was unable to

5   exhaust, or that "he suffered an arguably actionable harm that he wished to bring before the

6   courts, but was so stymied" by the prison's grievance procedures, that he was "unable to even

7   file" a complaint or petition.  Id.  He has not done so here.  Therefore, Plaintiff's claims must

8   be dismissed for failing to state a claim upon which section 1983 relief can be granted.  See 28

9   U.S.C. § 1915A(b)(1); Resnick, 200 F.3d at 644, n.1.

10        In addition, Plaintiff fails to allege in his Complaint that he has exhausted all "available"

11  administrative remedies prior to bringing this § 1983 action as required by 42 U.S.C. §

12  1997(e)(a).  See Booth v. Churner, 532 U.S. 731 (2001) (state prisoners must exhaust all

13  available prison administrative procedures before filing suit in federal court under § 1983).

14  Therefore, if Plaintiff elects to file an Amended Complaint he must also allege that he has

15  exhausted all administrative procedures available to him within the prison.  See 42 U.S.C. §

16  1997e(a).

17  **III.    Conclusion and Order**

18        Based on the foregoing, it is hereby **ORDERED** that:

19       (1)    Plaintiff's Motion to Proceed IFP [Doc. Nos. 2] is **DENIED** without prejudice;

20       (2)    Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

21  upon which relief can be granted.  See 28 U.S.C. § 1915A(b).

22       (3)    Plaintiff is further **GRANTED** forty-five (45) days leave from the date this Order

23  is stamped "Filed" to either: (a) pay the entire $150 civil filing fee in full; **or** (b) submit the

24  attached supplemental "Motion and Declaration in Support of Motion to Proceed In Forma

25  Pauperis" **and** include a certified copy of his trust account statements for the six-month period

26  preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2).

27        If Plaintiff chooses to proceed with his claims, he must also within forty-five (45) days

28  file an Amended Complaint which addresses the deficiencies of pleading set forth above.  If

1  Plaintiff fails to do so, or if his Amended Complaint also fails to state a claim, Plaintiff will be

2  required to pay the entire $150 civil filing fee, pursuant to the installment provisions of 28

3  U.S.C. § 1915(b)(1), regardless of any future dismissal.    Plaintiff's Amended Complaint must

4  be complete in itself without reference to his previously filed Complaint. See S. D. CAL. CIV L

5  R 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be

6  considered waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Finally, Plaintiff

7  is cautioned that should his amended pleading continue to fail to state a claim upon which relief

8  may be granted, it may be dismissed without further leave to amend and may hereafter be

9  counted as a "strike" under 28 U.S.C. § 1915(g).[3]  See McHenry v. Renne, 84 F.3d 1172, 1177-

10  79 (9th Cir. 1996).

11  **IT IS SO ORDERED.**

12

13  DATED: _May 7, 2002_        _Irma E. Gonzalez_

14                              HON. IRMA E. GONZALEZ
                                United States District Judge
15

16  ATTACHMENTS:       SUPPLEMENTAL MOTION AND DECLARATION UNDER PENALTY OF PERJURY IN
                       SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS
17
                       INFORMATION TO PRISONERS SEEKING LEAVE TO PROCEED WITH A CIVIL
18                     ACTION IN FEDERAL COURT IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915

19  CC:     MAGISTRATE JUDGE NITA L. STORMES

20

21

22

23

24

25

26      [3] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal
     a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior
27   occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the
     United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
28   upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury."

# EXHIBIT D

CLERK, U.S. DISTRICT COURT

FEB 2 0 2003

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORIGINAL

Name/Address of Attorney or Pro Per
ARMANDO ABREU. #H-16924.
LANCASTER STATE PRISON. #FCB5-238-L
#44750 60TH STREET WEST.
Telephone LANCASTER, CA. 93536-7620.

☐ FPD   ☐ Apptd   ☐ CJA   ☒ Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU,<br><br>PLAINTIFF(S),<br><br>v.<br><br>MR. C. RAMIREZ, et al.,<br><br>DEFENDANT(S). | CASE NUMBER: 02 CV-4093-GAF (JWJ).<br><br>Motion, Affidavit and Order re: Appeal In Forma Pauperis:  ☐ 28 U.S.C. 753(f)<br>☒ 28 U.S.C. 1915 |

### MOTION AND AFFIDAVIT

The undersigned **Armando Abreu**, a party in the within action, moves the Court under 28 USC § 1915 for authorization to prosecute an appeal without prepayment of fees and costs or security therefor, and for the preparation of a Court Reporter's transcript at government expense.

1. I believe I am entitled to redress, and the issues which I desire to present on my proposed appeal are the following:

   a. Whether a Plaintiff has a right to amend a 42 U.S.C. §1983 to include
   b. new defendants for apparant retaliation for maintaining a
   c. Civil Rights Complaint, in violation of the 1st & 8th Amendments to the United States Constitution, in same venue, where 42 U.S.C. §1983 is currently under litigation ??

2. Because of my poverty I am unable to pay the costs of the proposed appeal proceeding or to give security therefor. I swear that the following responses are true.

   a. Are you presently employed? ☐ Yes  ☒ No. If the answer is yes, state the amount of your salary or wages per month and give the name and address of your employer. __N/A.__

   b. Have you received, within the past twelve months, any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, or other source?  ☐ Yes  ☒ No. If the answer is yes, describe each source of income and state the amount received from each during the past twelve months.

   N/A.                                    N/A.
   "    "                                  "   "
   "    "                                  "   "

CENTRAL DISTRICT OF CALIFORNIA
BY ORDER OF DISTRICT COURT
FEB 0 2003 DEPUTY

Entered on ICMS 2/25/03 pH

25

c.  Are you presently employed in prison?  ☐ Yes  ☒ No

If yes, state the number of hours you work per week and the hourly rate of pay.

N/A.

d.  Do you own any cash or do you have money in a checking or savings account? ☐ Yes  ☒ No.

If the answer is yes, state the amount of money in each account separately as of six (6) months prior to the date of this affidavit. _____ N/A. _____

e.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? _____ N/A. _____

f.  In what year did you last file an income tax return? _____ N/A. _____

g.  Approximately how much income did your last tax return reflect? _____ N/A. _____

h.  List the persons who are dependent upon you for support and state your relationship to those persons.

N/A.

i.  State monthly expenses, itemizing the major items. _____ N/A. _____

_Armando Abreu._
_Signature of Party_

I declare under penalty of perjury that the foregoing is true and correct.

2-5-03,
_Date_

_____
_Signature of Attorney_
_(Disregard if filed in propria persona)_

## ORDER

*(The check mark in the appropriate box indicates the Order made)*

☐ **The court has considered the motion and the motion is DENIED.** The Court certifies that the proposed appeal is not taken in good faith under 28 U.S.C. 1915(a) and is frivolous, without merit and does not present a substantial question within the meaning of 28 U.S.C. 753(f).

The Clerk is directed to serve copies of this Order, by United States mail, upon the parties appearing in this cause.

_____
*Date*  2/20/03

_____
*United States District Judge*

☐ **The court has considered the motion and the motion is GRANTED.** It appears to the Court that the proposed appeal is taken in good faith within the meaning of 28 U.S.C. 1915(a). The Court certifies that the proposed appeal is not frivolous, that it presents a substantial question. The within moving party is authorized to prosecute an appeal in forma pauperis to the United States Court of Appeals for the Ninth Circuit without pre-payment of any fees or costs and without giving security therefor.

   ☐ A transcript is needed to decide the issue presented by the proposed appeal, all within the meaning of 28 U.S.C. 753 (f). The Court Reporter is directed to prepare and file with the Clerk of this Court an original and one copy of a transcript of all proceedings had in this Court in this cause; the attorney for the appellant is advised that a copy of the transcript will be made available to him. The expense of such transcript shall be paid by the United States pursuant to 28 U.S.C. 1915(c) and 753(f).

The Clerk is directed to serve copies of this Order, by United States mail, upon the parties appearing in this cause.

_____
*Date*

_____
*United States District Judge*